**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| BONNIE M. DEMARS; MICHAEL T. CIEMINSKI, SR; HUNTER C. DATZKER; MARK E. HAMALAINEN; GEORGE G. SCHAFER, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DORRIS W. SCHAFER; AND JIMMIE L. WELLS,<br><br>Plaintiffs,<br><br>v.<br><br>GE HEALTHCARE INC.; GE HEALTHCARE AS; BAYER AG; BAYER CORPORATION; BAYER HEALTHCARE LLC; BAYER HEALTHCARE PHARMACEUTICAL, INC.; BAYER SCHERING PHARMA AG; BERLEX LABORATORIES, INC. N/K/A BERLEX, INC.; SCHERING, AG; BAYER AG; SCHERING BERLIN, INC.; BAYER GESELLSCHAFT FUR BETEILIGUNGEN MBH; BRACCO DIAGNOSTICS, INC.; BRACCO RESEARCH USA, INC.; ALTANA PHARMA AG; MALLINCKRODT, INC.; NYCOMED INTERNATIONAL MANAGEMENT GMBH; AND MALLINCKRODT, INC.,<br><br>Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Pursuant to Local Rule 81.1 and 28 U.S.C. §§ 1332, 1441, and 1446, Defendant GE Healthcare Inc. ("GEHC") hereby removes this action from the 249th Judicial District Court, Johnson County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. As grounds, GEHC states as follows:

1.      On or about May 26, 2009, Plaintiffs filed this civil action in the District Court of Johnson County, Texas, Cause No. C2009-00292. Plaintiffs did not serve any Defendant until

April 1, 2010.  As required by 28 U.S.C. § 1446(a), attached as Exhibit A are true and correct copies of all process, pleadings, and orders served upon GEHC in the removed case.

2. On April 1, 2010, Plaintiffs served a copy of the First Amended Petition ("Amended Petition") on first-served Defendant GEHC.  This Notice of Removal is filed within 30 days of service of process on GEHC and, therefore, is timely under 28 U.S.C. § 1446(b).

3. This civil action is one of more than 600 similar cases currently pending nationwide involving allegations that gadolinium-based contrast agents caused patients to develop Nephrogenic Systemic Fibrosis ("NSF").  The majority of those cases have been consolidated by the Judicial Panel on Multidistrict Litigation (the "JPML") into MDL No. 1909, *In re Gadolinium-Based Contrast Agents Product Liability Litigation*.  *See* Exhibit B (February 27, 2008 Order Granting MDL No. 1909).

## I. PLAINTIFFS DEMARS, DATZKER, HAMALAINEN, SCHAFER, AND WELLS ARE NOT CITIZENS OF TEXAS, ARE IMPROPERLY JOINED, AND SHOULD BE DROPPED FROM THIS CASE.

4. As admitted in the Amended Petition, Plaintiff Bonnie M. Demars is a citizen of Florida.  *See* Am. Pet. ¶ 3.

5. As admitted in the Amended Petition, Plaintiff Mark E. Hamalainen is a citizen of North Carolina.  *See* Am. Pet. ¶ 5.

6. As admitted in the Amended Petition, Plaintiff Jimmie L. Wells is a citizen of Alabama.  *See* Am. Pet. ¶ 7.

7. As admitted in the Amended Petition, Plaintiff Hunter C. Datzker is a citizen of California.  *See* Am. Pet. ¶ 4.

8. As admitted in the Amended Petition, Plaintiff George G. Schafer is a citizen of Pennsylvania.  *See* Am. Pet. ¶ 6.

9. Plaintiffs Bonnie M. Demars, Hunter C. Datzker, Mark E. Hamalainen, George G. Schafer, and Jimmie L. Wells (collectively, the "out-of-state Plaintiffs") are not necessary or proper parties to this case and should be dropped in accordance with Rule 21 of the Federal Rules of Civil Procedure. It is undisputed that the out-of-state Plaintiffs have no connection to the state of Texas and that the events and activities giving rise to their causes of action did not take place in Texas. Moreover, their claims indisputably arise from events that are independent of each other, having taken place in five different jurisdictions and being related to the alleged exposure to one or more of five different types of contrast agents.

10. Courts have great discretion to restructure an action to promote the efficient administration of justice and may drop parties to preserve diversity jurisdiction. *See Bibbs v. Early*, 541 F.3d 267, 274 (5th Cir. 2008) (district court has broad discretion in determining propriety of joining particular parties); *DeGidio v. Centocor, Inc.*, No. 3:09-cv-721, 2009 WL 1867676, at *1 (N.D. Ohio June 26, 2009) (under Rule 21, non-diverse, dispensable defendants' claims were dropped and their claims remanded to state court to perfect diversity jurisdiction); 4 Moore's Federal Practice § 21.05 at 21-22 (3d ed. 2009) ("Typically, the court uses this power to drop parties or sever claims involving parties whose presence destroys diversity of citizenship jurisdiction.").

11. Courts also have discretion to drop parties whose claims arise out of different factual circumstances, and courts can deny a plaintiff the right to add other plaintiffs whose claims lack a proper factual nexus. *See* Fed. R. Civ. P. 21; *Acevedo v. Allsup's Convenience Stores, Inc.*, __ F.3d __, 2010 WL 908678, at *4-5 (5th Cir. 2010) (dropping misjoined plaintiffs and limiting field of plaintiffs to those with obvious factual similarities); *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1063 (S.D. Tex. 1996) (dropping former employees from separate

offices who alleged various combinations of race, age, and national origin discrimination; the claims were "highly individualized" and would be "extraordinarily confusing for the jury"); *DIRECTV, Inc. v. Collins*, 244 F.R.D. 408, 410-11 (S.D. Ohio 2007) (severing cases where the "transactions are logically related to one another in the same way that purchases of milk . . . are logically related to each other: each transaction involves a transaction in a similar good for a similar purpose. . . . [T]he similarities go no further."); *accord Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 600 (Tex. 1999) (transferring venue of action in products liability action on grounds that "[i]n a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join . . . as a plaintiff . . . .").

12. Dropping the out-of-state Plaintiffs will not prevent the Court from according complete relief among the remaining parties, nor will it create a risk that any interests of the out-of-state Plaintiffs will be harmed. *See* Fed. R. Civ. P. 19(a), 21.

13. Courts should also exercise their power under 28 U.S.C. § 1404(a) to transfer a plaintiff's claim where that plaintiff has brought suit in an incorrect venue. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 307-09 (5th Cir. 2008) (granting writ of mandamus and transferring case to different district court where plaintiff's only connection to the location of filing was the fact of filing in that venue). Accordingly, the out-of-state Plaintiffs should not be permitted to destroy the Court's proper jurisdiction. They are unnecessary and non-diverse parties with no connection whatsoever to Texas or each other. The Court's jurisdiction can and should be preserved by dropping the out-of-state Plaintiffs. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time.").

14. Because the out-of-state Plaintiffs are improperly joined, their citizenship must be ignored for the purposes of establishing the Court's original diversity jurisdiction under 28 U.S.C. § 1332. *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 467 (5th Cir. 2003) (denying remand where non-diverse parties where fraudulently joined); *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 221-22 (5th Cir. 1995) (same).

15. Though not controlling on this Court, dismissal of the out-of-state Plaintiffs is also mandated by Texas state law. Section 71.051(b) of the Texas Civil Practice and Remedies Code "requires dismissal of the claim or action if the statutory factors weigh in favor of the claim . . . being more properly heard in a forum outside Texas." *In re Gen. Elec. Co.*, 275 S.W.3d 681, 686 (Tex. 2008) (granting writ of mandamus and reversing trial court denial of motion to dismiss for *forum non conveniens* where plaintiff lived in Maine and was exposed to asbestos in Maine, and never lived in or worked in Texas). Rule 40(a) of the Texas Rules of Civil Procedure requires that any persons joining in one action as plaintiffs must assert a right to relief "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences." Here, the events on which the out-of-state Plaintiffs base their claims for relief are independent of each other and independent from the claims of Texas citizen Plaintiff Cieminski, arising from the alleged administration of one (or more) of five different prescription contrast agents in six different states, and whether those exposures caused or contributed to the development of each Plaintiffs' NSF. *See Demboski v. CSX Transp. Inc.*, 157 F.R.D. 28, 29-30 (S.D. Miss. 1994) (in personal injury and wrongful death action concerning safety of railroad crossings, transactions were not related because they involved different crossings, accidents, dates, times, and train engineers).

16. In summary, because the out-of-state Plaintiffs do not live in Texas nor allege exposure to the products in question in Texas, the out-of-state Plaintiffs' claims are improperly brought in Texas, and these Plaintiffs therefore should be dropped.

## II. THE REMAINING PLAINTIFF IS DIVERSE FROM THE DEFENDANTS.

17. As admitted in the Amended Petition, Plaintiff Cieminski is a citizen of Texas. *See* Am. Pet. ¶ 2.

18. Plaintiff Cieminski's citizenship has been sufficiently established for purposes of supporting federal jurisdiction. *See, e.g.*, *Wright v. Cont'l Cas. Co.*, 456 F. Supp. 1075, 1078 (M.D. Fla. 1978) ("[a]llegations in the defendant's petition for removal, if not contradicted by the allegations of the complaint, are alone sufficient to establish *prima facie* the existence of federal jurisdiction").

19. Defendant GE Healthcare Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. *See* Am. Pet. ¶ 8. Thus, GE Healthcare Inc. is a citizen of Delaware and New Jersey for purposes of diversity jurisdiction.

20. Defendant GE Healthcare AS is an entity organized under the laws of the Kingdom of Norway with its principal place of business in Norway. *See* Am. Pet. ¶ 10. Thus, GE Healthcare AS is a foreign citizen for purposes of diversity jurisdiction.

21. Defendant Bayer AG is a company domiciled in Germany. *See* Am. Pet. ¶ 29. Thus, Bayer AG is a foreign citizen for purposes of diversity jurisdiction.

22. Defendant Bayer Corporation is a corporation incorporated under the laws of the State of Indiana with its principal place of business in Pennsylvania. *See* Am. Pet. ¶ 17. Thus, Bayer Corporation is a citizen of Indiana and Pennsylvania for purposes of diversity jurisdiction.

23. Defendant Bayer Healthcare LLC is a Delaware limited liability company whose sole member is Bayer Corporation. Because Bayer Corporation is a corporation incorporated under the laws of the State of Indiana with its principal place of business in Pennsylvania, Defendant Bayer HealthCare LLC is a citizen of both Indiana and Pennsylvania for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members. . . . [T]he citizenship of a LLC is determined by the citizenship of all of its members.") (internal citations omitted); *McLead v. L-3 Communications Vertex Aerospace, LLC*, No. C-08-264, 2009 U.S. Dist. LEXIS 10744, *3-4 (S.D. Tex. Feb. 12, 2009).

24. Defendant Bayer HealthCare Pharmaceuticals Inc., formerly known as Berlex, Inc., formerly known as Berlex Laboratories, Inc., is a corporation incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. *See* Am. Pet. ¶ 20. Thus, Bayer HealthCare Pharmaceuticals Inc. is a citizen of Delaware and New Jersey for purposes of diversity jurisdiction.

25. Defendant Bayer Schering Pharma AG is a foreign company domiciled in Germany. *See* Am. Pet. ¶ 21. Thus, Bayer Schering Pharma AG is a foreign citizen for purposes of diversity jurisdiction.

26. Defendant Schering AG is a foreign company domiciled in Germany. *See* Am. Pet. ¶ 21. Thus, Schering, AG is a foreign citizen for purposes of diversity jurisdiction.

27. Defendant Schering Berlin, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. *See* Am. Pet. ¶ 25.

Thus, Schering Berlin, Inc. is a citizen of Delaware and New Jersey for purposes of diversity jurisdiction.

28. Bayer Gesellschaft fur Beteiligungen mBH is a foreign company domiciled in Germany. *See* Am. Pet. ¶ 26. Thus, Bayer Gesellschaft fur Beteiligungen mBH is a foreign citizen for purposes of diversity jurisdiction.

29. Defendant Bracco Diagnostics Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. *See* Am. Pet. ¶ 35. Thus, Bracco Diagnostics Inc. is a citizen of Delaware and New Jersey for purposes of diversity jurisdiction.

30. Defendant Bracco Research USA Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. *See* Am. Pet. ¶ 37. Thus, Bracco Research USA Inc. is a citizen of Delaware and New Jersey for purposes of diversity jurisdiction.

31. Defendant Altana Pharma AG is a German company with a principal place of business in Germany. *See* Am. Pet. ¶ 39. Thus, Altana Pharma AG is a foreign citizen for purposes of diversity jurisdiction.

32. Defendant Nycomed International Management GmbH is a Swiss company domiciled in Switzerland. *See* Am. Pet. ¶ 41. Thus, Nycomed International Management GmbH is a foreign citizen for purposes of diversity jurisdiction.

33. Defendant Mallinckrodt Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Missouri. *See* Am. Pet. ¶ 47. Thus, Mallinckrodt Inc. is a citizen of Delaware and Missouri for purposes of diversity jurisdiction.

34. Complete diversity of citizenship exists between Plaintiff Cieminski and all Defendants. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) over this civil action. Defendants therefore may remove this civil action to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

### III.  THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

35. Whether the amount in controversy requirement has been satisfied is determined from the face of the complaint. *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 2000) ("Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith."); *Estate of Taylor v. Conseco Senior Health Ins. Co*., No. 5:01-CV-243-C, 2001 U.S. Dist. LEXIS 17814, at *5 (N.D. Tex. Oct. 31, 2001) ("The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount.").

36. If the plaintiff has not alleged a sum certain, the Court then must examine the complaint at the time it was filed. *Allen*, 63 F.3d at 1336; *Estate of Taylor*, 2001 U.S. Dist. LEXIS 17814, at *5. A removing defendant need demonstrate only by a preponderance of the evidence that the minimum sum necessary to confer diversity jurisdiction is at issue in the case. *See Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

37. The face of the Amended Petition demonstrates that the claims of Plaintiff Cieminski—the only properly joined Plaintiff—exceed $75,000.00, exclusive of interest and costs. Plaintiff Cieminski alleges personal injury stemming from the serious disease known as Nephrogenic Systemic Fibrosis, allegedly caused by the injection of one or more of Defendants' products. *See* Am. Pet. ¶¶ 73, 74. Plaintiff Cieminski allegedly suffers from "debilitating and

9

worsening fibrotic changes to [his body] as a result of contracting [Nephrogenic Systemic Fibrosis]." *See* Am. Pet. ¶ 80.

38. Plaintiff Cieminski alleges that he "suffered serious, progressive, permanent, incurable, potentially fatal and fatal injuries." *See* Am. Pet. ¶ 81. Further, he alleges that he has incurred "medical expenses and other economic harm and has further experienced limited mobility, dramatic life changes, severe and debilitating physical and emotional pain and distress, disfigurement and other non-economic harm." Am. Pet. ¶ 83.

39. Additionally, Plaintiff Cieminski seeks "compensatory damages, including damages against Defendants and each of them for medical and hospital expenses, loss of income, loss of consortium, and other damages according to proof at trial in excess the jurisdictional limits of this court." Am. Pet., Prayer ¶ a.

40. Plaintiff Cieminski also seeks punitive and exemplary damages. Am. Pet., Prayer ¶ b. Punitive damages are included in the calculation of the amount in controversy. *See Bell v. Preferred Life Assurance Society of Montgomery, AL*, 320 U.S. 238, 240 (1943) ("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount").

41. Similar allegations have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement. *See, e.g.*, *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 883 (5th Cir. 2000) (finding facially apparent that amount in controversy was met where plaintiff sought medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, lost wages and earning capacity permanent disability, and disfigurement); *Sorenson v. Ashmore*, 4 F. Supp. 2d 669, 670 (E.D. Tex. 1998) (holding amount in controversy to be satisfied where plaintiff sought attorney's fees, actual damages, damages for extreme emotional distress,

and punitive damages); *Nadeau v. Mentor Tex. L.P.*, No. 303CV2312L, 2005 WL 15539858, at *2 (N.D. Tex 2005) (holding amount in controversy satisfied where plaintiff sought pain and suffering, mental anguish, disfigurement, past and future medical expenses, and punitive damages).

42. For these reasons,, the amount in controversy requirement is satisfied in this case.

43. Thus, the State Court Action may be removed to this Court by the served Defendants in accordance with 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Texas; (ii) this action is between citizens of different States; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## IV. CONSENT TO REMOVAL

44. All Defendants who have been properly served consent to this Notice of Removal.[1] The consents of all such Defendants are attached to this Removal as Exhibit C. All Defendants whose consents are not included on Exhibit C have not been properly served.

45. The served Defendants are not required to gain the consent of any Defendant who has not been properly served. *See Shaffer v. Northwestern Mutual Life Ins. Co.*, 394 F. Supp. 2d 814, 819 (N.D. W. Va. 2005) ("a co-defendant is not required to join or consent if it has not been served with the initial pleadings at the time the notice of removal is filed"); *Bridgestone/Firestone, Inc. v. Ford Motor Co.*, 204 F. Supp. 2d 1149, 1152 (S.D. Ind. 2002)

---

[1] Upon information and belief, Defendant Nycomed International Management GmbH has not been properly served. Although the Return of Service filed in this matter reflects that "NYCOMED" was served by delivery to Nycomed US Inc., Nycomed US Inc. is not a named defendant in the Amended Petition and Nycomed US Inc. is not authorized to accept service on behalf of Defendant Nycomed International Management GmbH. Accordingly, because there has not been proper service upon Defendant Nycomed International Management GmbH, their consent is not required for removal. *See infra*, ¶ 45 (citing *Shaffer v. Northwestern Mutual Life Ins. Co.*, 394 F. Supp. 2d 814, 819 (N.D. W. Va. 2005) ("a co-defendant is not required to join or consent if it has not been served with the initial pleadings at the time the notice of removal is filed"); Moore's Federal Practice § 107.11(1)(d) (3d ed. 2007) ("Any defendant that was not served with state court process need not join in the notice of removal.")).

("the removing defendants need not obtain the consent of defendants who have not been served as of the time of removal, as long as the removing defendants allege lack of service on the absent defendant") (internal citations omitted); Moore's Federal Practice § 107.11(1)(d) (3d ed. 2007) ("Any defendant that was not served with state court process need not join in the notice of removal.").

## V.     THE VENUE REQUIREMENT IS MET.

46.    This civil action may be removed to the United States District Court for the Northern District of Texas because this Court is "the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).  As set forth above, however, this action is expected to be subject to coordinated proceedings under the Judicial Panel on Multidistrict Litigation.

## VI.    FILING OF REMOVAL PAPERS.

47.    Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal and all attachments have been served simultaneously on Plaintiffs' counsel and all other counsel of record for the parties in this action; and a Notice of Filing of Notice of Removal will be filed with the District Court of the Johnson County, Cleburne, Texas in the State Court Action, Cause No. C2009-00292.  A true and correct copy of this Notice of Filing of Notice of Removal is attached hereto as Exhibit D.

## VII.   DEFENDANTS SEEK ADDITIONAL DISCOVERY, BRIEFING, AND ARGUMENT, IF NECESSARY.

48.    If any question arises as to the propriety of this removal, the removing Defendants request the opportunity to conduct discovery or brief any disputed issues and to present oral argument in support of its position that this civil action is properly removable.

## VIII. NON-WAIVER OF DEFENSES.

49. By filing of this Notice of Removal, Defendants do not waive any available defenses, including without limitation, defenses based on service of process or jurisdiction over Defendants.

**WHEREFORE**, Defendant GE Healthcare Inc. respectfully requests that this Court assume full jurisdiction over this action, to the exclusion of any further proceedings in state court.

Dated:  April 30, 2010	Respectfully submitted,

*s/ Kathy J. Owen*
Kathy J. Owen
Texas Bar No. 15369300
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201-4629
(214) 743-4508 (telephone)
(972) 813-6270 (facsimile)

*Counsel for Defendant GE Healthcare Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on this 30th day of April 2010 to the following counsel:

Jason A. Itkin
Arnold & Itkin, LLP
1401 McKinney Street
Suite 2550
Houston, Texas  77010
*Counsel for Plaintiffs*

David S. Hartnett
Shook, Hardy & Bacon L.L.P.
600 Travis, Suite 1600
Houston, TX  77002-2992
*Counsel for Mallinckrodt, Inc.*

Gerry Lowry
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, TX  77010-3095
*Counsel for Bayer Corporation and Bayer Healthcare Pharmaceuticals Inc.*

*s/ Kathy J. Owen*
Kathy J. Owen